UNITED STATES DISTRICT COURT
                          MIDDLE DISTRICT OF FLORIDA
                             FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:16-cr-40-FtM-29MRM

TACUMA IVAN HORROBIN

---

### **ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Count Six of the Indictment: Use of Firearm in Furtherance of Drug Crime, Title 18 U.S.C. 924(c)(1)(A)(i) (Doc. #26) filed on September 20, 2016. The government filed a Response in Opposition (Doc. #27) on September 28, 2016.

Defendant seeks to dismiss Count Six of the Indictment because there is no evidence in the case to support the charge of possession or use of a firearm in the furtherance of a drug trafficking crime. The motion will be denied as the Court is constitutionally barred from ruling on the motion.

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). Count Six charges that defendant, on or about December 10, 2015,

> did knowingly possess a firearm in furtherance of said drug trafficking crime, to wit, possession with intent to distribute a mixture and substance containing a detectable amount: heroin, a Schedule I controlled substance and cocaine, a Schedule II controlled substance, as charged in Count Five of the instant Indictment, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C). All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

(Doc. #1, p. 3.) The Court finds that the Indictment is sufficient because "it tracks the wording of the statute." Critzer, 951 F.2d at 308 (quoting United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983))

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Count Six of the Indictment: Use of Firearm in Furtherance of Drug Crime, Title 18 U.S.C. 924(c)(1)(A)(i) (Doc. #26) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:   Counsel of Record